## TEISSONNIER *v.* BARNÉS.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 37. Resuelto en Marzo 23, 1905.

INTERDICTO DE RETENER Ó RECOBRAR LA POSESIÓN.—Con arreglo á la antigua Ley de Enjuiciamiento Civil, los interdictos de retener ó recobrar la posesión procedían cuando el que hallándose en la posesión ó tenencia de una cosa, hubiera sido perturbado en ella, por actos que manifestaran la intención de inquietarle ó despojarle, ó cuando hubiera sido ya despojado de dicha posesión ó tenencia.

ID.—SU OBJETO.—El objeto de ambos interdictos era el de restablecer por medio de un procedimiento breve y sumario, en el que siempre se prestaba audiencia al demandado, el estado posesorio perturbado por los actos de un tercero que violenta ó clandestinamente y de su propia autoridad, hubiera ejecutado los actos de perturbación ó despojo.

ID.—CUESTIÓN DE ORDEN PÚBLICO.—POSESIÓN DADA POR TRIBUNAL COMPETENTE. Ambos interdictos están basados en razones y principios de orden público, de tal modo que si el que se creyere con mejor derecho á la posesión de una cosa entra en ella de su propia autoridad, y despojare ó perturbare al poseedor, el interdicto procede; mas si en vez de hacerlo así, acude al Tribunal solicitando su entrega, y éste se la acuerda, y le confiere la posesión, no hay cuestión de orden público, y por consiguiente el interdicto no procede.

ID.—Los artículos 443 y 448 del Código Civil deben ser interpretados de acuerdo con la doctrina expuesta en el párrafo precedente, ó sea, que el interdicto procede ó no, según que el demandado hubiere procedido de su propia autoridad, ó en el ejercicio de un derecho legítimo, amparado por la autoridad judicial.

Los hechos están expresados en la Opinión.

Abogado del apelante: *Sr. Torres* (Sandalio.)

La parte apelada no compareció.

EL JUEZ PRESIDENTE SR. QUIÑONES, emitió la opinión del Tribunal.

El presente es un interdicto de retener la posesión de unos terrenos promovidos primitivamente ante el extinguido Tribunal del Distrito de Ponce, y continuado después en la nueva Corte de Distrito de aquella ciudad, por

Don Julián Polidoro Teissonier contra D. Francisco Barnés Vallenilla, y que ha sido elevado al conocimiento de esta Corte Suprema á virtud de la apelación interpuesta por el demandante contra la sentencia pronunciada en veinte y cinco de Julio último por el Juez de dicha Corte de Distrito Sr. Tous Soto, por la que se declaró sin lugar el interdicto con las costas al demandante.

Los antecedentes de este asunto son los siguientes:

El diez de Febrero del año próximo pasado el abogado Don Luis Llorens Torres, á nombre de Don Julián Polidoro Teissonier, agricultor, viudo, mayor de edad y vecino de Ponce, interpuso la demanda origen del presente interdicto, alegando que su representado se encontraba en posesión, en concepto de dueño, de varias fincas rústicas radicadas en el barrio de Machuelo arriba del término municipal de Ponce, de la cabida y demás circunstancias que describe y cuyas fincas las venía poseyendo quieta y pacíficamente hacía cerca de treinta y tres años, hasta que dos días antes de la demanda, ó sea el ocho de Febrero había sido inquietado, en la posesión de que venía disfrutando, por Don Ventura Barnés, el que diciéndose dueño de dichas fincas rústicas, se había introducido en una de ellas, acompañado del agrimensor Don Francisco Arjona, empleado de aquel Municipio, del policía municipal Don Rogelio Castillo, con otro guardia más y el jornalero Juan Martínez, y penetrando en la casa de dicha finca, cuya puerta se encontraba cerrada, aunque no pasada la llave de la cerradura, se alojó en ella haciendo que el peón que los acompañaba, colocara los aperos de las cabalgaduras que montaban en una de las habitaciones de la casa, y anunciando que iba á comenzar la mensura de los terrenos á cuya operación dió principio efectivamente el mismo día, y continuó el siguiente, dejando al cuidado de dichos terrenos al peón Juan Martínez; y agregando, que todos estos actos habían sido practicados bajo la

custodia y protección de la Policía Municipal y todo á nombre y por orden de Don Francisco Barnés Vallenilla.

Recibida la información de testigos propuesta por el demandante y acreditados los hechos expuestos en la demanda, se señaló día para la celebración del juicio oral, en cuyo acto el abogado defensor del demandado, Don Julio Ma. Padilla, negó los hechos establecidos por el actor alegando á su vez que el demandado no estaba en la finca de que se trataba, con el carácter de dueño; que tampoco hacía treinta años que se encontrara en posesión de ella y que los actos realizados en dicha finca por el Sr. Barnés no constituían despojo, porque se le había dado posesión judicial de ella, en virtud de habérsele adjudicado por el mismo Tribunal de Ponce en el juicio ejecutivo que siguiera el Sr. Barnés contra Doña Matías Modesta Rohec, en cobro de un crédito hipotecario.

Admitidas las pruebas y aún ejecutadas algunas de las propuestas presentaron éstas un escrito al Tribunal, firmado por sus respectivos abogados defensores, el que copiado á la letra dice así:

"En la Corte de Distrito de Ponce.—Julián Toissonier vs. Francisco Barnés.—Interdicto.—Dichos demandante y demandado, por sus abogados, comparecen y manifiestan que están conformes en los siguientes hechos: Las fincas que en la demanda se describen separadamente están unidas formando un sólo cuerpo. Que el demandante estaba en la posesión de dichos bienes cuando el demandado realizó los actos que aquél califica de despojo. Y que hacía más de un año que estaba en dicha posesión ó tenencia. Que los actos en que la demanda se funda los realizó el demandado después de habérsele dado la posesión judicial de las fincas, y en virtud de dicha posesión, que le fué dada por habérsele adjudicado dichas fincas por la extinguida Corte de esta Ciudad en el juicio ejecutivo que siguiera contra Doña Modesta Rohee en cobro de crédito hipotecario. Por tanto: Suplicamos á V. H. que previos los informes de los Letrados, se sirva fallar este pleito prescindiendo de los demás hechos que no caen dentro de este acuerdo. Ponce 21 de Julio de 1904.—Respetuosamente: Julio M. Padilla, Luis Llorens Torres."

En vista de este escrito y después de oir á los abogados de las partes, dictó el Juez, Sr. Tous Soto, la siguiente sentencia:

"En la Ciudad de Ponce, el día veinte y cinco de Julio de mil novecientos cuatro, habiéndose señalado para la vista de esta causa el veinte y uno del mismo mes y año, en ese día presentes las partes por medio de los abogados Don Luis Llorens Torres, por el actor, y Don Julio Ma. Padilla, por la Sucesión del demandado Don Francisco Barnes, manifestaron estar dispuestos para el juicio presentando al efecto convenio escrito sobre los hechos litigiosos para que se dicte sentencia por los méritos del caso. Oídos los informe de las partes el Tribunal es de opinión por las razones que separadamente se consignan, que la ley y los hechos están en favor de la sucesión demandada, y por lo tanto absuelve á ésta la demandada; que se declara sin lugar con las costas ascendentes á................ al demandante, expidiéndose mandamiento de ejecución contra sus bienes para hacerlas efectivas.

Y la opinión á que dicha sentencia se refiere, literalmente copiada dice así:

"En la Corte de Distrito de Ponce, Puerto Rico.—Año de 1904. —1er. Término. Julián Polidoro Teissonier. vs. Sucesión de Francisco Barnés.—Número 30.—Interdicto de retener.—Opinión.—En el caso presente se funda la demanda en que el demandado se ha introducido ha menos de un año en la finca en cuya tenencia se halla el demandante, ejercitando en ella actos de posesión y dominio. A primera vista, parecen existir las condiciones que la ley exijía para que una acción de interdicto prosperara, esto es, tenencia ó posesión, perturbación, no transcurso de un año, desde los actos perturbadores: pero si se tiene en cuenta que el demandado es el dueño de la finca tenida ó poseída sin título por el demandante, y que los actos de posesión ejecutados en ella han sido consecuencia de la posesión judicial concedídale por la Corte de Distrito de Ponce, como comprador de fincas hipotecadas, judicialmente vendidas para pagar al acreedor hipotecario, hay que llegar á la conclusión de que no existe perturbación del hecho posesorio. Es cierto que la Ley es deficiente en este punto, pero existe el artículo 1560 del Código Civil que define lo que el legislador entiende por perturbación de hecho. Dice así:

"No existe perturbación de hecho cuando el tercero, ya sea la administración, ya un particular que ha obrado en virtud de un derecho que le corresponde." Es así que el actor reconoce el derecho de propiedad del demandado, y que éste entró en posesión de la finca en cuestión amparado por una orden judicial, luego no existe la perturbación de hecho que se invoca como fundamento del interdicto. Es verdad que el artículo citado figura entre las disposiciones relativas al contrato de arrendamiento: pero no hay nada que impida generalizar la doctrina en él consignada á todos los demás casos análogos. Así lo reconocen los comentaristas "Mucius Scevola" (Código Civil, Tomo 8, pag. 377) y Martínez Alcubilla (Diccionario de Administración, Tomo 6, página 1139.) Y tal opinión debe prosperar en efecto, si se tiene en cuenta que nuestro Código Civil toma por base la doctrina posesoria romana, y que el verdadero fundamento de la protección posesoria en el derecho de Roma y en las legislaciones de la Europa Continental y latino-americanas, hijas de aquélla, se encuentra en la doctrina de Ihering que ha prevalecido sobre las demás teorías posesorias, incluso la de Savigny formulada en el siguiente enunciado: "La protección de la posesión como exterioridad de la propiedad es un complemento necesario de la protección de de la propiedad, una facilitación de la prueba á favor del propietario, la cual aprovecha necesariamente al no propietario. (R. Von Ihering, Teoría de la Posesión.) Versión de Adolfo Posada, pag. 57. Así debe ser, repetimos, porque si el poseedor es amparado como propietario presunto, la presunción no puede extenderse á dispensarle protección contra el verdadero propietario reconocido por él como tal, y que ha entrado en la posesión por medios legales. Aunque se quisiera rechazar la teoría posesoria de Ihering y buscar acojida en la de Savigny, para quien la interdicción de la violencia es el fin de las acciones posesorias llamadas interdictos y el verdadero fundamento de la posesión, no aprovecharía al demandante esta doctrina porque en el caso presente no existe violencia que autorice el interdicto. Háse alegado por el actor que la posesión judicial otorgada al demandado se entiende que es sin perjuicio de tercero de mejor derecho, y por tanto, que él no puede ser perjudicado por dicha posesión; pero ¿acaso el actor cuyo título se ignora tiene mejor derecho que el propietario que ha obtenido el suyo mediante compra judicial? Ni se ha demostrado, ni tratado siquiera de probarse. Por lo expuesto, es opinión del Juez que suscribe que este interdicto debe desestimarse. Ponce Julio 25 de 1904. José Tous Soto.—Juez de Distrito.

Contra la sentencia pronunciada por el Juez Sr. Tous Soto interpuso apelación dentro del término legal la representación del demandante D. Julián Polidoro Teissonier y notificado oportunamente de ella el Abogado defensor de la parte apelada, compareció ante esta Superioridad el Abogado de la parte apelante, y habiéndosele entregado los autos para alegar, así lo hizo, citando como fundamentos legales del recurso, los siguientes: Los artículos 1629 y 1649 de la Ley de Enjuiciamiento Civil antigua porque era procedente el interdicto de retener ó recobrar, cuando el que se hallaba en la posesión ó tenencia de la cosa hubiera sido perturbado por actos que manifestaran la intención de inquietarle ó despojarle, ó cuando hubiera sido ya despojado de dicha posesión ó tenencia: y los artículos 355, 443 y 448 del Código Civil vigente, el primero, porque cuando no precede una causa justificada de utilidad pública, para poder privar á una persona de su propiedad, por mandato de autoridad competente y previa siempre la indemnización oportuna, las Cortes están obligadas á amparar y en su caso á reintegrar en la posesión al expropiado: el segundo, porque en ningún caso puede adquirirse violentamente la posesión, mientras exista un poseedor que se oponga á ello, y el tercero, porque todo poseedor tiene derecho á ser respetado en su posesión, y si fuere inquietado en ella, deberá ser amparado ó restituido en dicha posesión por los medios que las leyes de procedimientos establecen.

No habiendo comparecido la parte apelada se señaló día para la vista cuyo acto se celebró sin la asistencia de ninguno de los abogados de las partes.

Ahora bien; sentados esos antecedentes, la cuestión á resolver por esta Corte Suprema se reduce á determinar si dados los hechos reconocidos por las partes y sus abogados defensores en su escrito de 21 de Julio de 1904, procede ó no el interdicto promovido por el demandante Don Julián Polidoro Teissonier.

El Juez que suscribe entiende que no procede.

Según el artículo 1649 de la antigua Ley de Enjuiciamiento Civil, por la que venía sustanciándose este interdicto, y que es precisamente uno de los fundamentos legales que ha citado en su alegato el Abogado defensor del apelante, los interdictos de retener ó recobrar la posesión procedían, cuando el que hallándose en la posesión ó tenencia de una cosa, hubiera sido perturbado en ella por actos que manifestaren la intención de inquietarle ó despojarle, ó cuando hubiera sido ya. despojado de dicha posesión ó tenencia; y ambos tenían por objeto, restablecer por medio de un procedimiento breve y sumario, pero en el que siempre se prestaba audiencia á la otra parte, el estado posesorio perturbado por los actos de un tercero, que, violenta ó clandestinamente, y de su propia autoridad, hubiere ejecutado los actos de perturbación ó de despojo, amparando el Juez en el primer caso al poseedor, con los apercibimientos correspondientes al perturbador, para que en lo sucesivo se abstuviera de cometer semejantes actos; ó reponiéndolo en la posesión, si realmente hubiera sido despojado de ella, y condenando al despojante al pago de las costas, de los daños y perjuicios y de los frutos percibidos.

Ambos interdictos, según opinión general de nuestros tratadistas, entre ellos el ilustre comentarista de la Ley de Enjuiciamiento Civil Sr. Manresa y Navarro, estaban basados en razones y principios de orden público, fundamentales de la sociedad y sancionados por nuestras leyes antiguas y modernas, de que todo poseedor tiene derecho á ser respetado en su posesión y de que á nadie es lícito administrarse la justicia por su propia mano, puesto que para esto están establecidos los Tribunales. De manera que si en contravención á. estos principios el que se creyese con mejor derecho á la posesión de una cosa, se entrase en ella de su propia autoridad y despojare al poseedor, ó lo perturbare en su posesión, venía entonces la ley con

el remedio del interdicto, á restablecer el orden social perturbado, restituyendo las cosas al estado que tenían antes de la perturbación ó del despojo; pero si lejos de hacerlo así acudía al Juez y éste en uso de su autoridad lo ponía en posesión, entonces ya no tenía razón de ser el interdicto puesto que ya no existía verdadera perturbación del orden público, sin perjuicio del derecho de que se creyera asistido el poseedor para ser respetado en la posesión y del que podía hacer uso, bien acudiendo al mismo Juez para que revocara su providencia, si creía que la posesión estaba mal dada, ó bien acudiendo al juicio plenario correspondiente para contender con su adversario sobre la propiedad de la cosa, ó sobre su mejor derecho á poseer. La mejor confirmación de esta doctrina se encuentra en el artículo 443 del vigente Código Civil, que es precisamente uno de los que cita en su alegato el Abogado defensor del apelante.

Dice este artículo en su primera parte, que es la única que transcribe en su escrito el abogado del Sr. Teissonier, "que en ningún caso puede adquirirse violentamente la posesión, mientras exista un poseedor que se oponga á ello"; pero luego agrega: *El que se crea con acción ó derecho para privar á otro de la tenencia de una cosa, siempre que el tenedor resista la entrega, deberá solicitar el auxilio de la autoridad competente.* De modo, que si obediente á este precepto legal el que se crea con mejor derecho á la posesión ó tenencia de una cosa, acude al Tribunal solicitando su entrega y éste se la acuerda y le confiere la posesión, en ese caso no hay violencia, no hay perturbación y por consiguiente no procede el interdicto.

En el mismo sentido debe entenderse, en relación á la materia que nos ocupa, el artículo 448 del mismo Código Civil, que también cita en su escrito el abogado defensor del apelante y que está íntimamente relacionado con el anterior. "Todo poseedor (dice este artículo) tiene derecho á ser respetado en su posesión; y si fuere inquie-

tadó en ella, deberá ser amparado ó restituido en dicha posesión, por los medios que las leyes de procedimiento establecen." Los recursos que la ley antigua de procedimientos civiles establecía en estos casos, eran los interdictos de retener ó recobrar la posesión, que procedían ó no, como ya hemos visto, según que el demandado como autor de la perturbación ó del despojo, hubiera procedido de su propia autoridad ó en el ejercicio de un derecho legítimo, reconocido y amparado por una providencia judicial.

Del otro artículo 355 del mismo Código Civil que también se cita en el alegato del apelante, no tenemos para que ocuparnos por no tener aplicación al caso que se ventila en estos autos.

Ahora bien; según los hechos reconocidos por las partes en su escrito de veinte y uno de Julio de 1904, el Señor Barnés había seguido un ejecutivo en el Tribunal del Distrito de Ponce en cobro de un crédito hipotecario contra Doña Matías Modesta Rohee y habiéndosele adjudicado en pago la finca rústica de que se trata en el presente interdicto pidió y obtuvo del Tribunal que se le diera posesión de ella, lo que se verificó mediante la oportuna diligencia de posesión judicial; y siendo esto así es claro que el interdicto de retener la posesión interpuesta contra él por el Sr. Teissonier como poseedor de dicha finca carecía de base y fundamento legal y debía desestimarse, como lo fué, con las costas.

Por tales fundamentos el Juez que suscribe es de parecer que debe confirmarse la sentencia apelada con las costas al apelante.

*Confirmada.*

Jueces concurrentes: Sres. Hernández, Figueras y Mac Leary.

El Juez Asociado Sr. Wolf no formó Tribunal en la vista de este caso.