## ROSAS *v.* MARIANI.

Apelación procedente de la Corte de Distrito de Ponce.

No. 11.   Resuelto en Mayo 1, 1905.

DESLINDE DE FINCA RÚSTICA.—Si en el acto de la diligencia de deslinde de una finca, practicado judicialmente, hubiere oposición por el dueño de algún terreno colindante, deberá sobreseerse el deslinde por lo que respecta á la colindancia que fuere objeto de dicha oposición, reservándose á la parte sus derechos para que los ejercite en el juicio que corresponda.

INTERDICTO DE RECOBRAR LA POSESIÓN.—Si de la prueba practicada en un interdicto apareciere que el promovente se hallaba en la posesión del terreno, objeto del mismo, y fué despojado de ella por actos del demandado, procederá el in-

terdicto de recobrar la posesión, y se repondrá al demandante en ésta, sin que
por ello queden perjudicados los derechos de propiedad del demandado, que
podrá hacerlos valer en el juicio correspondiente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. De Diego.*

Abogado del apelado: *Sr. Texidor.*

El Juez Asociado Sr. Figueras, emitió la opinión del
Tribunal.

Se trata en este caso de un interdicto de recobrar la po-
sesión establecido ante el Tribunal de Ponce por Don Gui-
llermo Frank Rosas como arrendatario de la finca rústica
denominada "Cinco Hermanos" compuesta de seiscien-
tas cuerdas de terreno radicada en el barrio de Guánica
término municipal de Yauco y cuya finca pertenece en
propiedad á la Sucesión Carreras y Grimaldi. Se alega-
ron como hechos del interdicto, al establecerlo en 9 de Oc-
tubre de 1902, los siguientes:

Primero.—La posesión en favor del promovente Don Guillermo
Frank Rosas desde el 1o. de Diciembre de 1899 de la referida finca
que desde tiempo inmemorial ha venido colindando por la parte
Oeste con el camino de Guánica, y desviado luego éste hacia el
rumbo indicado, ha venido colindando con las señales que aún exis-
ten del antiguo camino hasta cuyas orillas por la parte Este se ha
sembrado de cañas.

· Segundo.—El despojo por Don Antonio Mariani y Cuprill de la
parte Oeste de la finca referida que colinda con las señales del anti-
guo camino consistente aquél en haberse introducido con un agrimen-
sor en la finca el 21 de Marzo de 1902, practicando operaciones de
deslinde sobre tierras poseídas y cultivadas por el promovente, no
obstante la oposición y protesta del representante de la Sucesión
Carreras y Grimaldi, y practicando luego otro hecho demostrativo
también del despojo cual es el de haber tirado una cerca de alambres
que le impide el paso y el cultivo en esa parte de la finca todo lo
que le ocasiona perjuicios de importancia.

Con estos antecedentes se recibió la información testi-
cal que se ofreció y en vista del resultado favorable al pro-
movente, se ordenó la citación de las partes al juicio ver-

bal que previene la ley con señalamiento de día para su celebración, librándose órden al Juez Municipal de Yauco para la citación del demandado Don Antonio Mariani y Cuprill á quien se notificó en 25 de Abril de 1902 por cédula que se entregó á un hermano por no haber encontrado á aquél en su casa.

Se celebró el juicio verbal el 29 de Octubre de 1902, después de declarar rebelde al demandado Mariani, por su incomparecencia, y en el acto se presentó la escritura de primero de Diciembre de 1899 expresiva del contrato de arrendamiento de la finca en cuestión celebrado por el promovente Frank y la Sucesión Carreras Grimaldi, se reprodujo el mérito favorable de las declaraciones rendidas en la prévia información declarando en dicho acto dos testigos más y el Tribunal, teniendo en cuenta que ocho testigos declararon sobre la certeza de la posesión, cinco sobre la certeza del despojo y que la demanda se presentó antes de vencer el año después que aquél se realizó, declara con lugar el interdicto con los pronunciamientos del caso y entre ellos con la reserva á las partes del derecho que puedan tener sobre la posesión definitiva y que podrán utilizar en el juicio correspondiente.

Cumpliéndose lo dispuesto se repuso al promovente en la posesión de la parte del terreno despojado, pero como todavía estaba la cerca de alambres se pidió y se obtuvo que se requiriese al demandado para que la quitase y que se le notificase personalmente la sentencia dictada, hecho este último que tuvo lugar el 20 de Diciembre de 1902, negándose á firmar la notificación por cuya razón fueron requeridos dos testigos que firmaron la diligencia.

El Letrado Don José de Diego, en representación de Mariani, interpuso recurso de casación el 31 de Diciembre de 1902 y admitido se elevaron los autos á esta Corte Suprema con la citación y el emplazamiento correspondientes.

A consecuencia de la Ley de la Asamblea Legislativa de esta Isla que convirtió á este Tribunal en Tribunal de Apelación se tramitó como tal el recurso y al evacuar el recurrente el trámite de instrucción, después de comprobar la ausencia de Mariani en los Estados Unidos, desde el once de Agosto de mil novecientos dos, y fundado en los artículos 861 No. 5o. de la Ley de Enjuiciamiento Civil antigua, aplicable por virtud de lo dispuesto en la citada ley, se recibió á prueba este pleito y después de practicada parte de la propuesta consistente en planos, acta de deslinde y declaraciones de testigos, se mandó unir las pruebas á los autos y de nuevo se entregaron éstos para instrucción, evacuando este trámite á nombre del apelante Mariani, el abogado Don William H. Hawkins y de Frank Rosas, que es el apelado, el Licenciado Don Jacinto Texidor quienes informaron oralmente en el acto de la vista que tuvo lugar el siete del pasado Abril.

Con lo actuado ante el Tribunal de Ponce y rebelde el demandado era indiscutible la confirmación en todas sus partes de la sentencia recurrida, puesto que se falló con solo la prueba propuesta y de resultado favorable para el promovente Frank.

Pero es que se llega á la misma conclusión estudiando la prueba que se ha practicado en esta Corte Suprema.

Con efecto: se ha presentado un "plano demostrativo del camino real de Yauco á Guánica con dós delineaciones para su reforma" y se ha presentado un "croquis del camino que conduce del Pueblo de Yauco al Puerto de Guánica con la demarcación de otra linea recta de uno á otro extremo." Pero ese plano y ese croquis sin explicación dé ningún género y sin que en ellos se precise la situación de la fincas "Cinco Hermanos" arrendada por Frank y la de Mariani no arrojan luz sobre los puntos controvertidos ó sea sobre el hecho de la posesión y sobre el despojo de una parte de la finca, hoy po-

seída por el promovente y apelado Don Guillermo Frank
y Rosas.

Los testigos Don Jorge Mussender, Martin Santiago
y Pedro Cruz declaran que es cierto que Don Antonio
Mariani y Cuprill es poseedor de una finca en el barrio
de Guánica, término de Yauco, cuya finca forma parte
de una hacienda denominada María Antonia", y es co-
lindante con otra heredad de la Sucesión Carreras y
Grimaldi que ambas fincas son limítrofes por los puntos
que atravesaba el antiguo camino de Yauco á Guánica,
que Mariani ha poseído hace muchos años los terrenos
constituyentes de la finca "María Antonia" sin extrali-
mitarse nunca en la posesión del área de dichos terrenos,
que sabe de un deslinde que se practicó el 21 de Marzo
de 1902 y que el agrimensor fijó y señaló la línea divi-
soria de ambas fincas, por los puntos del antiguo camino
de Guánica á Yauco, que en ese deslinde no sufrió mo-
dificación alguna la posesión que de los terrenos de su
finca gozaba Don Antonio Mariani, que no es cierto que
ni en el acto del deslinde ni antes ni después del mismo,
Mariani ha despojado ni perturbado á la Sucesión Ca-
rreras ni á su arrendatario Don Guillermo Frank Rosas.

Con esas declaraciones parece como que se desvirtúan
las de mayor número de testigos que se practicó ante el
Tribunal de Ponce, pero no es así porque éstos declararon
sobre la certeza de una cerca de alambres puesta por Ma-
riani en terrenos que están en la posesión de Frank
Rosas y esa cerca de alambres se encontró al reponer á
éste en la posesión de la porción de terrenos á que se
refiere este interdicto. Es verdad que los tres testigos
de Mariani ni afirman de modo absoluto que éste no
realizó acto alguno de despojo, pero para que ésto pu-
diera aceptarse era necesario que se hubieran referido
á la cerca de alambres precisando que se había colocado
en terrenos de la pertenencia y posesión de Mariani.

Pero hay una circunstancia importante que arranca de una prueba documental presentada también ante esta Corte Suprema y es el acta de deslinde y amojonamiento de la finca del recurrente Don Antonio Mariani y Cuprill traída por el mismo á estos autos y que se verificó el 21 de Marzo de 1902.

En ese acto representaba á Mariani Don Jorge Mussender que es precisamente uno de los tres testigos que aquí declaró en su favor y representaban al Consejo de Familia de la Sucesión Carreras y Grimaldi, los Señores Don Francisco Lluch y Don Antonio Rodríguez.

No hay que perder de vista que en esa fecha del deslinde ya la Sucesión Carreras Grimaldi tenía arrendada su finca á Don Guillermo Frank Rosas promovente de este interdicto.

Pues bien, en ese acto los representantes de la repetida Sucesión Carreras manifestaron que no estaban conformes con los puntos ó linderos según los documentos y planos presentados por Mariani ni tampoco con la línea que iba á trazarse por estimarlo perjudicial á sus representados protestando por lo tanto del acto y retirándose y en esas condiciones siguió el acto de deslinde y amojonamiento de la finca de Mariani, y si Frank Rosas nada hizo fué probablemente porque no se puso entonces la cerca de alambres que es lo que le obstaculiza el paso y le impide por tanto el cultivo de la porción de terrenos comprendida entre la cerca y la parte en que existen las señales del antiguo camino de Guánica.

El art. 2069 de la antigua Ley de Enjuiciamiento Civil aplicable á los deslindes dice así:

"Art. 2069.—Si antes de principiarse la operación de deslinde, se hiciere oposición por el dueño de algún terreno colindante, se sobreseerá desde luego en cuanto al deslinde de la parte de la finca confinante con la del opositor, reservando á las partes su derecho para que lo ejerciten en el juicio declarativo que corresponda.

Lo mismo se practicará en el caso de hacerse la oposición en el

acto de la diligencia, si sobre el punto en que consista no pudiera conseguirse en el mismo acto la avenencia de los interesados.

En ambos casos podrá continuarse el deslinde del resto de la finca, si lo pidiere el que haya promovido el expediente, y no se opusieren los otros colindantes."

Es indudable que se hizo oposición en el acto de la diligencia de deslinde por la representación de los menores dueños de la finca, pues no otra cosa significan sus manifestaciones y protesta consiguiente y como no hubo en el acto avenencia sobre el punto en que se tiraba la línea ni sobre los en que se fijaban los linderos, debió sobreseerse en cuanto á este particular reservando á las partes su derecho para que lo ejercitasen en el juicio declarativo que corresponda.

Pero lejos de eso se sigue el deslinde y amojonamiento y más tarde Mariani tira la cerca de alambres, hecho que ha sido el determinante de este interdicto.

De la oposición y protesta de los representantes de la Sucesión Carreras Grimaldi hecha en fecha muy anterior y cuando aun no se había practicado acto alguno de despojo, nace una presunción valiosa en favor de Frank Rosas, presunción que unida á la prueba concreta y determinada que se practicó ante la Corte de Ponce, ponen de manifiesto el derecho de éste en el interdicto, reconocimiento que en nada perjudica los derechos que Mariani pueda tener y que puede hacerlos valer en el juicio correspondiente.

Por tales razones proponemos la confirmación de la sentencia dictada por el Tribunal de Ponce en 30 de Octubre de 1902 con las costas á la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres Presidente Quiñones y Asociados Hernández y MacLeary.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.