FLORENCE E. PRESTON, demandante y apelada, *v.* BLAS MALDONADO, demandante y apelante.

No. 5617.—*Sometido:* Marzo 25, 1931. *Resuelto:* Junio 23, 1931.

*Ángel A. Vázquez,* abogado de la apelante; *González Fagundo & González Jr.,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este es un caso sobre *injunction* para retener la posesión resuelto por sentencia favorable a la demandante, basada en las siguientes conclusiones de hecho y de derecho:

"*Conclusiones de hecho:* 1.—Florence E. Preston, por conducto de su apoderado Ezequiel Cardona, ha estado en la posesión material y pacífica de la finca objeto de esta acción durante los últimos diez años hasta la fecha en que fué perturbada en su posesión por el demandado Blas Maldonado, (noviembre de 1930).

"2.—Con sus reiterados actos de perturbación el demandado demostró su intención de despojar de la posesión que tenía sobre la finca de autos a la demandante Florence E. Preston.

"*Conclusiones de derecho:* (a).—Las actuaciones del Márshal de la Corte de Distrito de Humacao, para privar a Florence E. Preston de la posesión material de la finca de autos, son absolutamente nulas; pues Florence E. Preston no fué parte ni estuvo en forma alguna relacionada con el litigio en el cual se expidió la orden posesoria por el tribunal de distrito de San Juan, a la jurisdicción de la cual nunca estuvo sometida la demandante en este caso Florence E. Preston, (33 Corpus Juris páginas 1,106 y 1,107; Reay v. Butler, 69 Cal. 572), considerándose, además, la naturaleza del procedimiento, que fué en cobro de dinero y no en ejecución de gravamen alguno. (Rosales v. Corte de Distrito, 33 D.P.R., 316; Viejo v. Caloca, 35 D.P.R. 469).

"(b).—La posesión de Florence E. Preston, por conducto de sus apoderados, sobre la finca de autos, debe ser mantenida y amparada, mientras no sea vencida en juicio, mediante el debido procedimiento de ley, (artículos 534, 437 y 448 del Código Civil)."

En la apelación se levantan varios errores cuya consideración separada nos obligaría a escribir innecesariamente una larga opinión. Hemos estudiado la totalidad del caso: alegaciones, pruebas, sentencia y alegatos, y a nuestro juicio

están ajustadas a los hechos y a la ley las conclusiones del tribunal sentenciador y no se cometió ninguno de los errores en que se funda el recurso.

■ Constituye una perturbación que puede dar origen al procedimiento de *injunction* que autoriza la Ley No. 43 de 13 de marzo de 1913 tal como fué enmendada por la Ley No. 11 de 1917, el hecho de presentarse un márshal a cumplir una orden de ejecución, a instancia de parte interesada, en una finca, cuando dicha finca no pertenece ni está en posesión del deudor y los actos posesorios del demandado se limitaron a disponer de momento de las frutas de ciertos árboles, sin que el representante del dueño de la finca fuera en verdad desposeído, quedando por el contrario en la posesión del inmueble, como sucedió en este caso.

■ Es un hecho claro que la finca de que se trata pertenecía a y estaba en posesión de la demandante no obstante residir como residía fuera de Puerto Rico. Siendo ello así, es igualmente claro que dicha demandante podía ejercitar el derecho que a los poseedores garantiza la citada ley sobre *injunction.*

■ Otro hecho evidente es que la orden que trató de ejecutar el márshal a instancia del aquí demandado Blas Maldonado, no convertía el acto perturbador en uno legal, porque dicha orden no estaba autorizada por la ley, ya que se dictó en un pleito en cobro de dinero seguido en el distrito de San Juan en el que se pronunció sentencia y para ejecutarla se embargó y vendió la finca de la demandante, que no fué parte en el pleito, situada en otro distrito judicial, Humacao, como de la propiedad del demandado, cuando no lo era ni estaba en su posesión. Tal orden dictada en tal clase de pleito y bajo tales circunstancias, es una mera nulidad.

*Debe confirmarse la sentencia recurrida.*