Fruto Ramos, demandante y apelante, *v.* María Puig Vda. de Chandri, María de los Angeles y José Manuel Guillermo Chandri Puig, demandados y apelados.

Núm. 8597.—*Sometido:* Noviembre 6, 1942. *Resuelto:* Noviembre 20, 1942.

*Francisco González Fagundo,* abogado del apelante; *Henry G. Molina* y *Hernán R. Franco,* abogados de los apelados.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Fruto Ramos inició ante la Corte de Distrito de Humacao un procedimiento de *injunction* para recobrar la posesión de una finca rústica de dos cuerdas de terreno. Alegó que desde más de un año antes de la presentación de la demanda estuvo en la posesión real del inmueble y que tenía esa posesión en marzo 30 de 1942, en cuya fecha fué despojado de ella en virtud de orden de la Corte de Distrito de Humacao, librada en pleito sobre ejecución de hipoteca seguido por los aquí demandados contra Deogracias Ozorio.

Alegaron los demandados que la demanda no expone hechos suficientes para determinar una causa de acción. Y contestando la demanda, admitieron que ellos fueron puestos en posesión en virtud de la citada orden judicial, pero negaron que el demandante estuviera en posesión de la finca en momento alguno y que fuera lanzado de la casa enclavada en dicha finca, alegando en contrario que el demandante nunca ha vivido en dicha casa.

Sostenida la excepción previa, y dictada sentencia desestimando la demanda, apeló el demandante por entender que la sentencia recurrida es errónea y contraria a derecho.

Es un hecho admitido por ambas partes litigantes que los demandados fueron puestos en posesión de la finca,

por el márshal, en cumplimiento de una orden judicial, en un procedimiento ejecutivo de hipoteca seguido contra Deogracias Ozorio.

La Ley núm. 11 de noviembre 14 de 1917 ((2) pág. 221), que establece el procedimiento especial y sumario para retener o recobrar la posesión de un inmueble, está inspirada en los mismos principios y persigue los mismos fines del *interdicto* de la antigua Ley de Enjuiciamiento Civil. El propósito fundamental, tanto del interdicto como de`nuestro injunction para retener o recobrar la posesión, es el de dar rápida y eficaz protección a toda persona que encontrándose en la posesión quieta y pacífica de un inmueble es perturbada en o despojada de esa posesión por el acto ilegal de otra persona.

En sus "Comentarios sobre la Ley de Enjuiciamiento Civil", Vol. 6, pág. 120, dice Manresa:

"Los autores de la Ley de Enjuiciamiento Civil . . . han comprendido bajo la denominación de *interdictos* 'todos los juicios civiles que reclaman con urgencia una medida que los termine, por interesarse inmediatamente el orden público, la seguridad amenazada de las personas o de las cosas, u otros derechos privados que a no ser atendidos sin dilación, pueden perderse.' "

El despojo que da derecho a solicitar un auto de injunction es aquel que ha sido realizado por el demandado u otra persona por orden de éste, sin intervención judicial. Cuando la toma de posesión se verifica bajo el amparo y en cumplimiento de un mandamiento judicial, no procede dictar el auto de injunction para recobrar la posesión. El demandante debe recurrir a los remedios ordinarios que la ley provee para tales casos. Así lo resolvió este Tribunal en *Teissonnier* v. *Barnés*, 8 D.P.R. 204, 210, diciendo:

"Ambos interdictos, según opinión general de nuestros tratadistas, entre ellos el ilustre comentarista de la Ley de Enjuiciamiento Civil Sr. Manresa y Navarro, estaban basados en razones y principios de orden público, fundamentales de la sociedad y sancionados por nuestras leyes antiguas y modernas, de que todo poseedor tiene dere-

cho a ser respetado en su posesión y de que a nadie es lícito administrarse la justicia por su propia mano, puesto que para esto están establecidos los Tribunales. De manera que si en contravención a estos principios el que se creyese con mejor derecho a la posesión de una cosa, se entrase en ella de su propia autoridad y despojare al poseedor, o lo perturbare en su posesión, venía entonces la ley con el remedio del interdicto, a restablecer el orden social perturbado, restituyendo las cosas al estado que tenían antes de la perturbación o del despojo; pero si lejos de hacerlo así acudía al Juez y éste en uso de su autoridad lo ponía en posesión, entonces ya no tenía razón de ser el interdicto puesto que ya no existía verdadera perturbación del orden público, sin perjuicio del derecho de que se creyera asistido el poseedor para ser respetado en la posesión y del que podía hacer uso, bien acudiendo al mismo Juez para que revocara su providencia, si creía que la posesión estaba mal dada, o bien acudiendo al juicio plenario correspondiente para contender con su adversario sobre la propiedad de la cosa, o sobre su mejor derecho a poseer.''

Los hechos del caso *Teissonnier* y los del presente son casi idénticos. El demandado, según lo alega el propio demandante, tomó posesión de la finca por virtud de y en cumplimiento de una orden dictada en un procedimiento judicial para ejecutar una hipoteca a su favor. Si el demandante cree tener algún derecho a poseer la finca, su remedio es acudir a la corte que dictó la orden dando posesión al demandado, para que la revoque, o entablar la acción ordinaria correspondiente para la protección de su derecho. No erró, pues, la corte inferior al desestimar la demanda.

Véanse: Art. 691 Código Enj. Civil, 1933; 52 C.J. 1179, sec. 48.

*La sentencia debe ser confirmada.*

El Juez Asociado Sr. Snyder no intervino.