Francisco Crespo Escalera, demandante y apelado, *v.* Mercedes San Miguel Torres, demandada y apelante.

Núm. 8854.—*Sometido:* Junio 7, 1944. *Resuelto:* Julio 14, 1944.

Agustín E. Font, abogado de la apelante; y *R. Hernández Matos,* abogado del apelado.

---

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Confirmada por esta Corte la sentencia dictada por la Corte de Distrito de Ponce en el caso de *Francisco Crespo v. Ernesto F. Schlüter, et al.*, 58 D.P.R. 834, sobre nulidad de procedimiento ejecutivo hipotecario, el demandante obtuvo que la corte inferior expidiera una orden de ejecución a virtud de la cual el Submárshal de dicha corte procedió el 29 de abril de 1943 a dar posesión material de una de las fincas objeto del litigio al demandante a través de su representante Francisco Burgos Rivera.

En dicho acto el Submárshal notificó personalmente a todas las personas que, en concepto de agregados, había en la finca de que desde ese momento estaba dando posesión al demandante y asimismo notificó a la aquí demandada Mercedes San Miguel Torres, que llegó a la finca mientras el márshal estaba allí, habiendo ella manifestado que había adquirido la finca de Schlüter y que no daría posesión de la misma. El demandante, el 9 de junio de 1943, inició esta acción de *injunction* para recobrar la posesión de la finca, alegando, entre otras cosas, que la demandada "el día 3 de junio de 1943 personalmente y por medio de peones destruyó cercas de alambres y otros materiales colocados por el demandante" en la finca y "violentamente, armada de revólver, echó ganado hacia otra finca contigua y contra la voluntad del demandante, sacando también violentamente de la finca a Francisco Burgos Rivera" representante y empleado del demandante.

La demandada negó que el márshal diera posesión de la finca al demandante y en contrario alegó que dicha posesión siempre la ha tenido ella desde el año 1937. Como defensa especial alegó que ella adquirió la finca y entró en posesión de la misma desde el año 1937; que ella nunca tuvo conocimiento del pleito seguido por el demandante en relación con la finca ni se le notificó acción alguna que afectara su título o posesión.

La corte inferior declaró con lugar la demanda y en este recurso la demandada alega que erró al declarar que el demandante "tomó posesión de la finca por haberla trasmitido el márshal de la Corte de Distrito de Ponce en cumplimiento de una orden expedida por dicho tribunal, proveniente dicha orden del pleito Civil núm. 1624 de la Corte de Distrito de Ponce, confirmado por el Tribunal Supremo en 58 D.P.R. 834."

La prueba, tanto del demandante como de la demandada, justifican plenamente la decisión de la corte inferior. Se probaron los hechos alegados en la demanda y realmente la única cuestión envuelta es si el demandante fué puesto legalmente en posesión de la finca por la orden dictada por la corte inferior.

Ratificando lo resuelto en el caso de *Teissonier* v. *Barnés*, 8 D.P.R. 204, esta corte en el reciente caso de *Ramos* v. *Puig*, 61 D.P.R. 83, resolvió que una persona que es afectada por la toma de posesión de una finca por otra persona a virtud de y en cumplimiento de una orden dictada en un procedimiento judicial, cree tener algún derecho a poseer la finca, "su remedio es acudir a la corte que dictó la orden dando posesión . . . para que la revoque o entablar la acción ordinaria correspondiente para la protección de su derecho."

En el caso de autos si la demandada creyó tener algún derecho a continuar poseyendo la finca, cuya posesión material no hay duda alguna fué entregada al demandante a virtud de una orden judicial legalmente expedida,[1] debió acudir

---

[1] La corte inferior dictó una orden el 23 de marzo de 1943 ordenando al secretario librar al márshal un mandamiento para la ejecución de la sentencia dictada en el caso y el Diligenciamiento del Márshal, de abril 29 de 1943, dice así:

"CERTIFICO: Que recibí el presente mandamiento en 24 de marzo de 1943 y que dí cumplimeinto al mismo trasladándome al barrio Damián Abajo de Orocovis, Puerto Rico, el día 29 de abril de 1943, y allí entonces hice entrega y dí posesión al señor Francisco Crespo Escalera, representado por su agente o encargado Sr. Francisco Burgos Rivera, de la finca de 81 cuerdas, radicada en dicho barrio Damián Abajo de Orocovis, Puerto Rico, que se describe detalladamente en el presente mandamiento en su apartado 'A' ".

a la corte inferior y solicitar la revocación de dicha orden o de lo contrario entablar la acción ordinaria correspondiente. Ella no tenía derecho a penetrar de nuevo en la finca, tumbar las cercas puestas por el demandante y despedir violentamente al encargado de la finca. [3] Su alegación de que ella tenía título a la finca adquirida de Schlüter no la autorizaba a ignorar la posesión adquirida por el demandante a virtud de una orden de la corte inferior, ya que en estos procedimientos no pueden determinarse cuestiones de título sino meramente de posesión.

El caso de *Lloréns* v. *Arbona,* 61 D.P.R. 279, 290, citado por la apelante, es claramente distinguible del presente, pues precisamente lo que allí se resolvió es que cuando un márshal da posesión de una finca, *sin haber obtenido una orden de la corte,* su actuación es ilegal, y se dijo expresamente a la pág. 290: " . . . el márshal al dar posesión de la finca al demandado Arbona y al echar de la misma a los demandantes, actuó sin autorización legal y su acto constituyó un despojo ilegal de la posesión que tenían los demandantes." En el caso de autos, sin embargo, el márshal actuó con plena autoridad legal—una orden de ejecución librada por la corte —y su acto no puede bajo ningún concepto considerarse como un despojo ilegal de la posesión de la demandada.

*Debe confirmarse la sentencia apelada.*