Jesús Rosado, demandante y apelante, *v.* Amelia Valentín, demandada y apelada.

Núm. 9147—*Sometido:* Diciembre 26, 1945. *Resuelto:* Enero 23, 1946.

*L. Santiago Carmona,* abogado del apelante; *Pedro Amado Rivera* y *A. Rivas,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA emitió la opinión del tribunal.

La apelada Amelia Valentín obtuvo sentencia en una acción contra Nicomedes Rosado para reivindicar una casa. Luego de ser firme la sentencia, el apelante Jesús Rosado, hijo de Nicomedes, y quien no fué parte en la acción reivindicatoria, pretendió intervenir, sin tener éxito por ser tardía su instancia. *Valentín v. Corte Municipal,* 62 D.P.R. 222. Al proponerse Amelia Valentín ejecutar la sentencia de reivindicación y obtener el mandamiento de ejecución correspondiente, Jesús Rosado radicó demanda de *injunction* para retener la posesión de la casa, alegando y probando que estaba en posesión de la casa en concepto de dueño desde más de un año antes de radicar su demanda.

Apela Rosado de la sentencia que denegó el injunction por él solicitado.

Fundó la corte inferior su decisión en los casos de *Ramos v. Puig,* 61 D.P.R. 83 y *Teissonnier v. Barnés,* 8 D.P.R. 204, que resuelven que el poseedor que es lanzado de una finca en virtud de mandamiento judicial expedido en procedimiento ejecutivo hipotecario, no puede recurrir al interdicto posesorio para recobrar la posesión. Los casos citados no son aplicables. En ninguno de ellos surge que el poseedor demostrara que el mandamiento judicial carecía de eficacia en cuanto a él. Por lo tanto, los casos sólo resuelven que la persona desposeída en virtud de mandamiento judicial no puede obtener un interdicto para recobrar la posesión en ausencia de una demostración de la ineficacia del mandamiento.

Que el interdicto posesorio procede cuando la persona desposeída en virtud de mandamiento judicial demuestra la ineficacia de éste, ha sido resuelto en *Lloréns v. Arbona,* 61 D.P.R. 279, y en *Preston v. Maldonado,* 42 D.P.R. 488. Este último caso es enteramente aplicable al de autos, pues se trataba de un mandamiento judicial expedido en eje-

cución de sentencia en una acción en cobro de dinero en que no fué parte la persona que poseía la finca en concepto de dueño, resolviéndose que éste tenía derecho a un interdicto para retener la posesión. Véase también la sentencia del Tribunal Supremo de España de 18 de febrero de 1901 (91 J.C. 252), donde se dijo:

"Considerando que si bien, a tenor de lo dispuesto en el art. 926 de la ley de Enjuiciamiento civil, cuando alguno gana en el pleito una cosa inmueble, debe ponérsele inmediatamente en posesión, tal precepto se entiende si la cosa está en poder de quien con arreglo a la sentencia ejecutoria deba entregarla, no cuando la posea un tercero a quien legalmente no pueda afectar la demanda, y que habiéndose judicialmente adjudicado a Doña Inés Sáenz la porción de tierra procedente de los predios Talapí y San Figuerola, de la que es poseedora por dicho título justo, no puede la recurrente ser desposeída sin antes habérsele oído y vencido en juicio, conforme al art. 10 de la Constitución de la Monarquía y 446 del Código civil, que consigna el derecho de todo poseedor a ser respetado en su posesión y el de ser amparado y restituído en ella por los medios que las leyes establecen."

La prueba en el caso de autos, que no ha sido contradicha, demuestra que el apelante estaba en posesión de la casa, en virtud de un título de dominio cuya validez no es pertinente considerar en este procedimiento, desde antes de iniciar la demandada apelada su acción reivindicatoria. Siendo ello así, la sentencia dictada en esa acción en que él no fué parte no le obliga, ni puede tener eficacia, en cuanto a él, el mandamiento judicial expedido en ejecución de esa sentencia. *Preston* v. *Maldonado,* supra.

Aunque la apelada, al contestar la demanda del apelante, niega que éste poseyera la casa, y alega que el apelante, hijo del demandado en la acción reivindicatoria, fué la única persona que desde los comienzos de esa acción se ocupó de defenderla, dichas alegaciones quedan huérfanas de prueba, limitándose la apelada a presentar prueba documental consistente en las constancias de expedientes en el caso de reivindicación, que en nada corroboran sus alegaciones. Tenemos

por lo tanto que aceptar como cierta la prueba presentada por el apelante, al igual que lo hizo la corte inferior. A base de esa prueba, y de las autoridades citadas, procede el interdicto solicitado.

*Debe revocarse la sentencia apelada y dictarse otra declarando con lugar la demanda del apelante.*