Jesús Otero, demandante y apelante, *v.* Zenón Sales, demandado y apelado.

Núm. 9516.— *Sometido:* Noviembre 3, 1947. *Resuelto:* Febrero 27, 1948.

*Gilberto López de Victoria,* abogado del apelante; *A. Ramírez Silva,* abogado del apelado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

El demandante apelante radicó una demanda sobre negatoria de servidumbre y como remedio provisional solicitó

una orden de injunction preliminar por la que se prohibiese al demandado, *pendente lite,* usar el camino en controversia y se le ordenase retirar del mismo los alambres y estacones por él allí instalados. Declarada sin lugar la solicitud, el demandante apeló para ante este Tribunal.

Los hechos alegados en la petición son, en síntesis, los siguientes: que el demandante es dueño de una finca de cinco cuerdas, la cual colinda por el Sur con otra de 23 cuerdas perteneciente al demandado; que la finca del demandado ha tenido desde tiempo inmemorial acceso a un camino municipal por un camino que parte desde la misma finca en dirección hacia el Sur y atraviesa una finca que pertenece a don Juan Alemañy Sosa; que dicho camino no pasa por terrenos de la finca del demandante; que hace unos seis años, antes de que el demandante comprase la finca de cinco cuerdas, el demandado solicitó y obtuvo de los anteriores dueños un permiso provisional para cruzar dicha finca a pie o a caballo, para sacar por allí ciertos productos de su finca; que después de haber el demandante adquirido la finca, el demandado volvió a solicitar permiso para pasar por ella y el demandante se lo concedió por mera tolerancia; y que más tarde, habiendo el demandante procedido a cercar su finca, no permitiendo que el demandado continuase pasando por ella, el demandado solicitó y obtuvo de la Corte de Distrito de Mayagüez una orden de injunction para recobrar la posesión de su alegado derecho a transitar por la finca del demandante.

Alega, además, el demandante que con posterioridad a la orden de injunction dictada a favor del demandado, éste procedió a ensanchar el camino hasta cinco y medio metros, cercándolo con alambre de púas; que el camino divide la finca del demandante, dejando una gran parte del terreno aislado del resto de la finca, sin salida para los animales del demandante, que allí acostumbran pastar, teniendo el demandante que pasar por encima de los alambres para poder llevar alimento y agua a su ganado; que el demandado ha realizado

todos esos actos en forma violenta, provocadora y amenazante; que la continuación de dichos actos causará al demandante daños irreparables; y que el injunction es el único remedio adecuado para la protección de sus derechos.

Solicitó el demandado la desestimación de la solicitud de injunction pendente lite, entre otras razones, porque la concesión de un injunction prejuzgaría el caso principal y equivaldría a un aseguramiento de la sentencia que pudiera recaer, lo que no procede en esta clase de acciones.

Sometido el caso por las alegaciones, en marzo 28 de 1947 el tribunal inferior dictó una resolución que en lo pertinente dice así:

"La Corte, vistas las constancias de los autos de este caso y las alegaciones de la solicitud de injunction, de las que aparece que esta Corte dictó sentencia en el caso civil Núm. R-3219, *Zenón Sales* v. *Jesús Otero*, sobre injunction para recobrar la posesión, cuya sentencia es firme y ejecutoria, declara sin lugar la dicha solicitud de injunction auxiliar ya que la misma, de concederse, dejaría sin efecto la sentencia dictada por esta Corte en el referido caso Núm. R-3219, no siendo procedente la expedición de un injunction para dejar sin efecto una sentencia, habiendo tenido como tuvo el demandante Jesús Otero un remedio adecuado en el curso ordinario de la ley, como era el de apelar la sentencia recaída en el referido caso núm. R-3219 de esta Corte."

No estando conforme con esta resolución, el apelante estableció el presente recurso alegando como único señalamiento que "erró la corte de distrito apelada al declarar sin lugar la solicitud de injunction auxiliar por entender que su concesión equivaldría a dejar sin efecto la sentencia dictada por ella misma en el caso anterior de injunction posesorio."

■ Arguye el apelante que con igual razón podría la corte resolver en su oportunidad que él no tiene causa de acción en el pleito ordinario de negatoria de servidumbre porque de decidirse el mismo a su favor equivaldría a dejar sin efecto también la dicha sentencia de injunction poseso-

rio. No tiene razón el apelante. En la acción de injunction posesorio no se adjudican los derechos de propiedad de las partes, ni se resuelven conflictos de títulos, sólo está envuelta la posesión como cuestión puramente de hecho. El demandado puede hacer valer sus derechos en el juicio correspondiente. *Rosas v. Mariani*, 8 D.P.R. 372; *Vázquez v. Rivera*, 37 D.P.R. 804; *Crespo v. San Miguel*, 63 D.P.R. 973.

En el caso de autos el demandado obtuvo la posesión de su alegado derecho a transitar por la finca del demandante a virtud de una sentencia dictada por la Corte de Distrito de Mayagüez. El demandante pudo y tuvo oportunidad de revisar dicha sentencia mediante apelación a este Tribunal, pero no lo hizo, dejando que la misma se convirtiera en firme. Optó por radicar una acción negatoria de servidumbre y solicitar, dentro de ese procedimiento, un injunction preliminar para que el demandado se abstuviese de pasar hasta tanto se resolviese el caso en sus méritos.

Bajo estas circunstancias, opinamos, que la concesión del injunction preliminar solicitado por el demandante prejuzgaría el caso principal y equivaldría a la ejecución de la sentencia que pudiera recaer. Ya hemos resuelto, en el caso de *Pereira v. Villafaña*, 10 D.P.R. 11, que cuando se solicita un injunction como remedio subsidiario mientras un pleito esté pendiente, no cabe prejuzgar, en dicho injunction, el resultado de dicho pleito pendiente.

*La resolución recurrida debe ser confirmada.*